# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JOHNNY WILLIAM BURNETT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **Case No. CIV-22-993-D** |
| | ) | |
| **JAMES COTTON, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Johnny William Burnett ("Petitioner"), a state prisoner proceeding *pro se*, seeks a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1). United States Chief District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 4). Respondent filed a response (Doc. 25), along with portions of the record, including a preliminary hearing transcript (P. Hr. Tr.), the jury trial transcript (Trial Tr.), exhibits (State's Ex.), the sentencing transcript (S. Tr.), and the state trial court record (R.). (Doc. 27).[1] For the reasons set forth below, the undersigned recommends that Petitioner's application for habeas relief be **DENIED**.

## I.    Standard of Review

"The standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA') guide [this Court's] review of 28 U.S.C. § 2254 applications." *Wellmon*

---

[1] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the state court records will refer to the original pagination.

*v. Colo. Dep't of Corrs.*, 952 F.3d 1242, 1245 (10th Cir. 2020). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 99 (2011). A petitioner is entitled to federal habeas relief only if that merits-based adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "It is the petitioner's burden to make this showing and it is a burden intentionally designed to be difficult to meet." *Owens v. Trammell*, 792 F.3d 1234, 1242 (10th Cir. 2015) (internal quotation marks omitted). This standard "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington*, 562 U.S. at 102-03 (internal quotation marks omitted).

This court "first determine[s] whether the petitioner's claim is based on clearly established federal law." *Hanson v. Sherrod*, 797 F.3d 810, 824 (10th Cir. 2015). "Only Supreme Court law announced by the time of the state-court decision on the merits qualifies as clearly established law." *Wellmon*, 952 F.3d at 1245 (internal quotation marks omitted). If clearly established federal law exists, this court then considers whether the state court decision was contrary to or an unreasonable application of that clearly established federal law. *See Owens*, 792 F.3d at 1242. A state court's decision is contrary to clearly established federal law if it "comes to a conclusion opposite to that reached by

2

the Supreme Court on a question of law or decides a case differently than the Court has . . . on materially indistinguishable facts." *Wellmon*, 952 F.3d at 1245 (internal quotation marks omitted). Notably, "[i]t is not enough that the state court decided an issue contrary to a lower federal court's conception of how the rule should be applied; the state court decision must be diametrically different and mutually opposed to the Supreme Court decision itself." *Owens*, 792 F.3d at 1242 (internal quotation marks omitted).

"[T]he state court's decision is an unreasonable application of Supreme Court Law" if it "identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Wellmon*, 952 F.3d at 1245 (internal quotation marks omitted). On this point, "the relevant inquiry is not whether the state court's application of federal law was *incorrect*, but whether it was objectively unreasonable." *Owens*, 792 F.3d at 1242 (internal quotation marks omitted). So, to qualify for habeas relief on this prong, the petitioner must show "there was no reasonable basis for the state court's determination." *Id.* at 1243 (internal quotation marks omitted). "In other words, so long as fairminded jurists could disagree on the correctness of the state court's decision, habeas relief is unavailable." *Id.* (internal quotation marks omitted); *see also Harrington*, 562 U.S. at 103 ("As a condition for obtaining [federal habeas relief], a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").

This court "must accept a state-court [factual] finding unless it was based on 'an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding.'" *Davis v. Ayala*, 576 U.S. 257, 271 (2015) (quoting 28 U.S.C. § 2254(d)(2)). This court presumes the factual determination to be correct; a petitioner can only rebut this presumption with clear and convincing evidence. *See id.*; *see also* 28 U.S.C. § 2254(e)(1).

## II.    Factual Summary

D.A., a minor child born in February 2008, lived with her mother and Petitioner, her mother's boyfriend, in a house in Norman, Oklahoma. (Trial Tr. Vol. II, at 161-64; Trial Tr. Vol. IV, at 106). D.A. testified during Petitioner's trial that, while residing together at the home with Petitioner, Petitioner sodomized D.A., performed oral sex on D.A., made D.A. perform oral sex on him, made D.A. touch his penis, and showed D.A. pornography on his phone. (Trial Tr. Vol. IV, at 109-29). At the time of her trial testimony, D.A. was eight years old and in the third grade. (*Id.* at 106-07).

M.S., a minor child born in August 2003 and friend of D.A., testified at Petitioner's trial that D.A. told her about some of these incidents, and also herself witnessed Petitioner masturbating and saw pornography on his cell phone. (Trial Tr. Vol. III, at 9-20, 39-40, 43, 61-62, 65-66, 70-72, 80-82, 86-87). At the time she learned of it, M.S. reported the sexual abuse of D.A. to a neighbor who made a police report. (Trial Tr. Vol. II, at 163-72, 176-77, 185-87). D.A. was forensically interviewed on August 6, 2014. (Trial Tr. Vol. III, at 120-30; State's Ex. 2). However, D.A. did not disclose any sexual abuse during the interview, and she was returned home. (Trial Tr. Vol. III, at 100-04, 126-30; State's Ex. 2). M.S. was taken for a forensic interview the next day, and her interview was consistent with her trial testimony. (Trial Tr. Vol. III, at 25-29, 50, 61, 64, 105-08, 112-13; State's

Ex. 3). Based on these allegations, D.A. was placed in protective custody. (Trial Tr. Vol. III, at 113-16, 142-49, 188-90).

D.A. was placed with Jennifer Bird, a foster parent, from August 2014 until Spring 2015. (Trial Tr. Vol. III, at 160, 163, 212-13). During this time, D.A. also became close with Paige Martin, the biological grandmother of two of Ms. Bird's other foster children. (*Id*. at 215-17, 251-53; Trial Tr. Vol. IV, at 10-13). In November 2014, D.A. reported to Ms. Bird that Petitioner had performed oral sex on her, and Ms. Bird reported this to DHS. (Trial Tr. Vol. III, at 161-63, 217-18). Ms. Bird also learned of an inappropriate conversation that occurred between her 17-year-old foster child and D.A., and a disclosure D.A. had made to Ms. Martin. (*Id*. at 161, 218-21). Ms. Martin testified that D.A. told her, among other things, that Petitioner had forced D.A. to perform oral sex on him "a hundred times" when Petitioner's mother was either sleeping or absent from the house. (*Id*. at 256-59; Trial Tr. Vol. IV, at 20-21).

On November 18, 2014, D.A. was given a second forensic interview, but D.A. claimed that she could not remember what happened. (Trial Tr. Vol. V, at 45-48; Trial Tr. Vol. VI, at 7-8; State's Ex. 4). Following this interview, Ms. Martin's son witnessed D.A. performing oral sex on another child, which was reported to DHS. (Trial Tr. Vol. III, at 224-25, 261-63; Trial Tr. Vol. IV, at 65-66). D.A. made additional disclosures regarding sexual abuse by Petitioner during her ongoing counseling sessions. (Trial Tr. Vol. III, at 266-70; Trial Tr. Vol. V, at 52-53; Trial Tr. Vol. VII, at 23-29). D.A.'s counseling also addressed problematic behaviors D.A. was exhibiting, such as excessive masturbating to the point of self-harm and sexually acting out with others, both of which are common with

child victims of sexual abuse.  (Trial Tr. Vol. VII, at 33-35, 83-85; Trial Tr. Vol. VII, at 124-25).

A third forensic interview was conducted on March 24, 2015.  (Trial Tr. Vol. III, at 266-70; Trial Tr. Vol. V, at 52-56; State's Ex. 5).  During the third forensic interview, D.A. told the interviewer about the sexual abuse by Petitioner that occurred at her mother's house; testimony consistent with the testimony shared by M.S. at her forensic interview and consistent with D.A.'s testimony at Petitioner's trial.  (*Id.*)

## III.    Procedural History

### A.    Petitioner's Cleveland County Sentence

On March 27, 2017, Petitioner was convicted after a jury trial in Cleveland County District Court of two counts of lewd molestation or indecent acts to a child under 16 (Counts One and Two) and two counts of forcible oral sodomy (Counts Seven and Eight). (Doc. 1, at 1); *see also* Cleveland County District Court, Case No. CF-2015-460.[2] Petitioner was sentenced to 25 years of imprisonment on Counts One and Two and 20 years of imprisonment on Counts Seven and Eight, to be served consecutively, for a total of 45 years of imprisonment.  (*Id.*)

---

[2]    https://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&number=CF-2015-460 (*Docket Sheet*) (last visited Sept. 13, 2024). The undersigned takes judicial notice of the docket sheets and related documents in Petitioner's state criminal proceedings. *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (citation omitted).

On April 4, 2017, Petitioner appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals ("OCCA"), arguing that the trial court erred in admitting the testimony of child accommodation syndrome and that the introduction of victim impact evidence led to the imposition of an excessive sentence. (Doc. 1, at 2); *see also* OCCA, Case No. F-2017-348.[3] On July 19, 2018, the OCCA affirmed Petitioner's conviction and sentence. (*Id.*)

B.    **Petitioner's Efforts to Obtain Post-Conviction Relief in State Court**

On June 12, 2019, Petitioner filed an Application for Post-Conviction Relief ("Application") in the Cleveland County District Court. (Doc. 1, at 3; Doc. 25, at Ex. 5); *see also* Cleveland County District Court, Case No. CF-2015-460 (*see* footnote 2). Petitioner filed various motions, responses, supplements, and amendments to his Application. (*See, e.g.,* Doc. 25, at Exs. 6, 7). The Application was denied by the state district court on November 10, 2021. (*Id.* at Ex. 10). At the same time, the state district court also denied Petitioner's various pending motions except Petitioner's request for DNA testing. (*Id.* at Ex. 10, at 3-4). The state district court then denied Petitioner's request for DNA testing on November 23, 2021. (*Id.* at Ex. 11). Petitioner timely appealed the denial of his request for DNA testing, and the OCCA affirmed the denial of his motion. (*Id.* at Exs. 12, 14, 16); *see also* OCCA, Case No. PC-2022-59.[4]

---

3    https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=F-2017-348 (*Docket Sheet*) (last visited Sept. 13, 2024).

4    https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=PC-2022-59 (*Docket Sheet*) (last visited Sept. 13, 2024).

On June 22, 2022, Petitioner petitioned the OCCA for a writ of mandamus directing the state district court to rule on his Application. (Doc. 25, at Ex. 17); *see also* OCCA, Case No. MA-2022-559.[5] The OCCA directed the state district court to respond to the petition, (*id.* at Ex. 18), and the state district court responded on June 30, 2022, by referencing and attaching its order dated November 10, 2021, denying Petitioner's Application, (*id*. at Ex. 20).

On July 12, 2022, Petitioner filed a motion for appeal out-of-time with the state district court alleging he did not receive a copy of the court's November 10, 2021, order denying his Application until July 1, 2022. (*Id.* at Ex. 21). On July 25, 2022, Petitioner requested the state district court clerk provide him the certificate of mailing of the order denying his Application; the court clerk responded that they were unable to find it. (*Id.* at Exs. 24, 25). On August 10, 2022, before the state district court ruled on his motion, Petitioner preemptively filed a motion for appeal out-of-time with the OCCA and then on August 19, 2022, a petition in error challenging the denial of his Application. (*Id*. at Exs. 26, 27); *see also* OCCA, Case No. PC-2022-681.[6]

On August 25, 2022, the state district court granted Petitioner's motion for appeal out-of-time, noting that "the deadline was missed through no fault of [Petitioner's] own." (Doc. 25, at Ex. 28). However, the OCCA found that "Petitioner's pleading requesting an

---

[5]    https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=MA-2022-559 (*Docket Sheet*) (last visited Sept. 13, 2024).

[6]    https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=PC-2022-681 (*Docket Sheet*) (last visited Sept. 13, 2024).

appeal out-of-time does not contain a copy of a trial court order or records sufficient to prove he sought relief in the District Court," and the OCCA declined jurisdiction and dismissed his petition in error on October 14, 2022. (*Id*. at Ex. 29). Petitioner filed a notice of appeal of that decision on November 9, 2022, (*id*. at Ex. 30), but a review of the state court records, generally and in this matter, shows that Petitioner has not further pursued his appeal before the appellate court. *See, e.g.,* OCCA, Case No. PC-2022-681 (*see* footnote 6).

## IV.    The Petition

On November 14, 2022,[7] Petitioner filed the instant Petition, challenging his Cleveland County District Court conviction and sentence. (Doc. 1, at 14).[8] Petitioner raises eight grounds for relief, alleging:

- (Ground One) Admission of evidence pertaining to Child Sexual Abuse Accommodation Syndrome resulted in the violation of Petitioner's Fourteenth Amendment rights, (*id*. at 5-6);

- (Ground Two) "the improper introduction of victim impact evidence caused the jury to impose excessive sentencing," (*id*. at 6-8);

- (Ground Three) ineffective assistance of appellate counsel, (*id*. at 8-9);

- (Ground Four) ineffective assistance of trial counsel, (*id*. at 9-11);

- (Ground Five) judicial misconduct through the suppression of evidence and witness testimony, (*id*. at 15);

- (Ground Six) prosecutorial misconduct, (*id*. at 16);

---

[7] *See Marsh v. Soares*, 223 F.3d 1217, 1218 n.1 (10th Cir. 2000) (applying the prison mailbox rule to habeas petition) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)).

[8] This Court found that Petitioner was entitled to equitable tolling of AEDPA's one-year statute of limitations, 28 U.S.C. § 2244(d)(1). (*See* Docs 17, 20).

- (Ground Seven) lack of jurisdiction "because all of Oklahoma is Indian Country," (*id*. at 17); and

- (Ground Eight) actual and factual innocence, (*id*. at 18).

Respondent contends that certain claims made in Ground Two should be denied on the merits. (Doc. 25, at 32-39). Respondent argues that the remainder of Plaintiff's claims were not exhausted in state court and should be denied because those claims would be procedurally barred if Petitioner returned to state court to exhaust them. (*Id.* at 40-100).

As set forth fully below, Petitioner is not entitled to relief on any of his claims.

## V.    Analysis

### A.    Ground Two: Petitioner Is Not Entitled to Relief on His Claim That The Prosecution Improperly Injected Victim Impact Evidence Into Closing Argument.

In Ground Two, Petitioner claims (in part)[9] that the prosecutor improperly injected victim impact evidence into his closing argument thus "ma[king] flagrant appeals for sympathy from the jury" resulting in "the imposition of the maximum possible sentence on two of the counts" for which he was convicted. (Doc. 1, at 6-7). Petitioner raised this claim on direct appeal (Doc. 25, at Ex. 3, at 13-16), and the OCCA denied it on the merits, (*id*. at Ex. 1, at 3). For the reasons stated below, the undersigned recommends denial of habeas relief on this ground.

---

[9] Petitioner also contends that the prosecutor improperly commented on the meaning of reasonable doubt and the presumption of innocence. (Doc. 1, at 6-7). Those claims are procedurally barred, as discussed below in Section V.C.

### 1.    The OCCA's Ruling

On direct appeal, Petitioner argued that the prosecutor wrongly injected victim impact evidence into the closing argument.  (Doc. 25, at Ex. 3, at 14).  Specifically, the Petitioner took issue with the following:

> Despite the law clearly prohibiting such comments, the prosecutor at [Petitioner's] trial said:
>
>> This happened to [D.A.] when she was six - - between the ages of five and six years old.  She's nine years old today, and she'll have to live with what happened to her for the rest of her life.  The details might fade, but she will never forget what happened.
>>
>> When she becomes a young woman and falls in love and has her first sexual relationship with a man, she'll deal with these issues all over again.
>>
>> When she has children of her own some day, she will deal with these issues all over again.
>>
>> The details of what this man did to her might fade, but she will never be totally free of this experience.

(*Id*. at Ex. 3, at 14-15) (citing Trial Tr. Vol. VIII, at 106-07).

The OCCA rejected Petitioner's allegations of prosecutorial misconduct, stating:

> In Proposition Two, [Petitioner] argues that reversal or modification of his sentences is warranted because of prosecutorial misconduct in closing argument.  Defense counsel did not object to these statements at trial, waiving all but plain error.  [Petitioner] must now show a plain or obvious error affected the outcome of the trial.  *Hogan v. State*, 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923.  This Court will correct plain error only where it seriously affects the fairness, integrity or public reputation of the proceedings.  *Id*.
>
> This Court evaluates alleged misconduct in closing argument within the context of the entire trial, considering the propriety of the prosecutor's argument, the strength of the evidence, and corresponding arguments of defense counsel.  *Hanson v. State*, 2009 OK CR 13, ¶ 18, 206 P.3d 1020,

1028.  Relief is warranted only where flagrant misconduct renders the trial or sentencing fundamentally unfair. *Jones v. State*, 2011 OK CR 13, ¶ 3, 253 P.3d 997, 998.  The challenged statements here do not meet this difficult standard.  Proposition Two is denied.

(Doc. 25, at Ex. 1, at 3).

> ### 2.    Prosecutorial Misconduct Claims Are Reviewed Under Due Process Standards.

The Tenth Circuit recently discussed the Supreme Court's clearly established law

for reviewing prosecutorial misconduct:

> The standard of review for a prosecutorial-misconduct claim at the habeas stage is "the narrow one of due process."  *Donnelly v. DeChristoforo*, 416 U.S. 637, 642 (1974).
>
> In *Darden v. Wainwright*, 477 U.S. 168 (1986), the Supreme Court explained that "[i]t is not enough that the prosecutors' remarks were undesirable or even universally condemned."  *Id.* at 181 (citation omitted). "The relevant question is whether the prosecutors' improper comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"  *Id.* (quoting *Donnelly*, 416 U.S. at 643).  In answering this question, we may consider factors such as whether the comments were "invited by" or "responsive" to defense arguments; whether curative instructions were given to the jury; and the weight of the evidence.  *See id.* at 182.  And critical to our analysis, the Supreme Court later noted that "the *Darden* standard is a very general one, leaving courts 'more leeway . . . in reaching outcomes in case-by-case determinations.'"  *Parker* [*v. Matthews*], 567 U.S. [37, 48 (2012)] (quoting [*Yarborough v.*] *Alvarado*, 541 U.S. [652, 664 (2004)]).

*Andrew v. White*, 62 F.4th 1299, 1337-38 (10th Cir. 2023) (parallel citations omitted).  The

Tenth Circuit went on to note that, "[a]lthough the OCCA reviewed [Petitioner's] claim for

plain error, Oklahoma's plain-error test and the federal due-process test are the same.  So

we defer to the OCCA's ruling unless it unreasonably applied that test."  *Andrew*, 62 F.4th

at 1338 n.38 (citing *Thornburg v. Mullin*, 422 F.3d 1113, 1125 (10th Cir. 2005)).

3. **The OCCA Reasonably Determined That the Prosecutor's Remarks During Closing Argument Did Not Result in an Unfair Trial.**

When viewed in light of the evidence presented at trial, the undersigned finds that the OCCA reasonably determined that the prosecutor's challenged comments did not infect the trial with unfairness so as to violate Petitioner's due process rights.  Rather, the prosecutor's statements were brief and clearly referenced and were fully supported by the evidence admitted during Petitioner's trial indicating that D.A. was suffering from long-term, adverse effects of Petitioner's crimes, including that she engaged in self-harm, sexually acted out on other children, was fearful of disclosing what happened to her, and required extensive counseling to be able to work through her feelings about the abuse she endured.  (*See* Section II, *supra*).  *See McKinley v. McCollum*, No. CIV-16-126-R, 2017 WL 1394596, *7 (W.D. Okla. Mar. 7, 2017) (finding prosecutor's singular comment during closing that "'when [the child victim] is older, she'll remember that as her first sexual experience, what he did. You get to hold him accountable today. We ask that you do that and find him guilty on every count charged[,]'" was a "reasonable statement concerning the long-term effects of the offenses upon the child victim"); *Carol v. State*, 756 P.2d 614, 617 (Okla. Crim. 1988) (finding prosecutor's un-objected to comment "that the victim would never forget the pain of having to testify against her step-father" fell "'within the bounds of the wide latitude of discussion allowed' in closing argument . . . ."); *Croan v. State*, 682 P.2d 236, 238 (Okla. Crim. 1984) (finding prosecutor's comment that the victim, now "19 years of age . . . had to live with [the effects of the crime since it occurred] . . . and it will affect her for the rest of her life," when read within the full context of the entire

closing argument, was not improper). Thus, Petitioner is not entitled to habeas corpus relief as to the claims of prosecutorial misconduct adjudicated on direct appeal because he has failed to demonstrate that the OCCA's determination was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court.

**B.      Claims Raised in Grounds One, Three, Four, Five, Six, and Seven Are Procedurally Barred From Federal Habeas Review.**

Petitioner raises the following claims in his Petition, brief in support, and other supplemental briefing, all of which were raised in the state court in his Application, (Doc. 25, at Ex. 5), as noted below:

- (Ground One) The trial court improperly admitted evidence pertaining to Child Sexual Abuse Accommodation Syndrome, as a result of the prosecutor incorrectly informing the court that it had previously ruled this evidence admissible, depriving the Petitioner of a full and fair opportunity to have this evidentiary matter considered by the trial court. (Doc. 1, at 5-6; Doc. 7, at 13, 19). This claim was raised in Proposition Four of Petitioner's Application. (Doc. 25, at Ex. 5, at 24).

- (Ground Three) Petitioner received ineffective assistance of appellate counsel due to counsel's failure to raise on direct appeal the arguments asserted in Propositions Two, Three, and Four of his Application, or six additional errors Petitioner identified and asked counsel to include in a reply brief in support of his Application. (Doc. 1, at 8-9; *id*. at Ex. 3, at 93; Doc. 7, at 33-34). This claim was raised in Proposition One of Petitioner's Application, (Doc. 25, at Ex. 5, at 9).

- (Ground Four) Petitioner received ineffective assistance of trial counsel by Troy Cowin and Cynthia Viol. (Doc. 1, at 9-11; *id*. at Ex. 3, at 94-98). This claim was raised in Proposition Two of Petitioner's Application. (Doc. 25, at Ex. 5, at 10-14).

- (Ground Five) Petitioner was subjected to judicial misconduct by the Cleveland County District Court. (Doc. 1, at 15; *id*. at Ex. 3, at 99-104). This claim was

raised in Proposition Three of Petitioner's Application. (Doc. 25, at Ex. 5, at 15-20).

- (Ground Six) Petitioner was subjected to prosecutorial misconduct. (Doc. 1, at 16; *id*. at Ex. 3, at 105-109; Doc. 7, at 6, 13, 18, 19, 30-31). This claim was raised in Proposition Four of Petitioner's Application. (Doc. 25, at Ex. 5, at 21-26).

- (Ground Seven) The State of Oklahoma lacked jurisdiction over Petitioner's crimes "because all of Oklahoma is Indian Country." (Doc 1, at 17). This claim was raised in Proposition Five of Petitioner's Supplemental Application. (Doc. 25, at Ex. 6, at 2).

### 1.    The OCCA's Procedural Default Of Petitioner's Claims Was Independent And Adequate.

"A federal habeas court generally may consider a state prisoner's federal claim only if he has first presented that claim to the state court in accordance with state procedures." *Shinn v. Ramirez*, 142 S. Ct. 1718, 1727 (2022). "Under the doctrine of procedural default, claims that are defaulted in state court on adequate and independent state procedural grounds will not be considered by a habeas court." *Simpson v. Carpenter*, 912 F.3d 542, 570 (10th Cir. 2018) (internal quotation marks, alteration, and ellipsis omitted); *see also Martinez v. Ryan*, 566 U.S. 1, 9 (2012) ("[A] federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule."). "A state procedural default is 'independent' if it relies on state law, rather than federal law." *Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir. 2008). "A state procedural default is 'adequate' if it is firmly established and regularly followed." *Id.*; *see Ellis v. Hargett*, 302 F.3d 1182, 1186 (10th Cir. 2002).

After the Cleveland County District Court denied Petitioner's Application, (Doc. 25, at Ex. 10), Petitioner requested the OCCA to grant him an appeal out-of-time of the denial, (*id.* at Exs. 26, 27). The OCCA declined jurisdiction and dismissed the matter, stating:

> Petitioner, *pro se*, requests an appeal out of time from his conviction in Cleveland County District Court Case No. CF-2015-460. In such instances, Rule 2.1(E), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2022), requires perfection of the appeal by following the procedure set out in Section V of the Rules.
>
> This Court will only entertain applications for post-conviction relief if Petitioner has sought and been denied relief in the District Court. Rule 5.1 and 5.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2002). Petitioner must attach to the petition a copy of the post-conviction application for the out-of-time appeal that was filed in the trial court and a certified copy of the trial court's ruling upon that application. Rule 2.1(E)(1), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2022). Petitioner's pleading requesting an appeal out-of-time does not contain a copy of the trial court order or records sufficient to prove he sought relief in the District Court.

(*Id.* at Ex. 29, at 1-2).

The OCCA applied independent and adequate state procedural grounds to bar Petitioner's appellate claims. *See Elias v. O'Connor*, 2021 WL 4895206, at *11 (E.D. Okla. Oct. 20, 2021) (finding Rule 2.1(E) constituted independent and adequate state procedural grounds for purposes of a procedural bar); *see also Windsor v. Patton*, 623 F. App'x 943, 946 n.1 (10th Cir. 2015) (unpublished) (declining to consider the forfeited argument that Rule 2.1(E) was inadequate but noting that the petitioner's "bare assertions of inconsistent application by the OCCA [would not] be a sufficient basis for us to conclude that Oklahoma courts do not apply Rule 2.1 consistently and evenhandedly"); *Dixon v.*

16

*State*, 228 P.3d 531, 532-33 n.2 (Okla. Crim. App. 2010) (denying request for out-of-time appeal based on failure to follow OCCA Rule 2.1(E)); *Blades v. State*, 107 P.3d 607, 608 (Okla. Crim. App. 2005) (dismissing appeal based on non-compliance with OCCA Rule 2.1(E)); *Banks v. State*, 953 P.2d 344, 347 (Okla. Crim. App. 1998) (refusing to grant an out-of-time appeal to a defendant who failed to follow the provisions of OCCA Rule 2.1 and stating, "[w]e must insist that our rules are followed consistently").  Thus, this Court cannot consider the defaulted claims.

### 2.    Exceptions to Procedural Default

A federal court may consider claims that have been defaulted in state court on adequate and independent state procedural grounds only if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "Cause for a procedural default exists where something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule." *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (internal quotation marks omitted).  Petitioner must show "prejudice arising from the errors that form the basis of [his] *substantive* claims" in order to establish the prejudice prong.  *Smith v. Allbaugh*, 921 F.3d 1261, 1271 (10th Cir. 2019) (internal quotation marks omitted).

The fundamental miscarriage of justice exception to procedural default is "a markedly narrow one, implicated only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Magar*

17

*v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (internal quotation marks and alteration omitted). The Supreme Court instructs that "prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013) (quoting *Schlup*, 513 U.S. at 316).

**3.    Petitioner's Assertion Of Cause Is Insufficient To Overcome The Procedural Default, And He Does Not Argue A Fundamental Miscarriage of Justice.**

Petitioner argues that he did not bring his claims relative to Grounds Four, Five, and Six on direct appeal because appellate counsel did not raise them (Ground Three). (Doc. 1, at 8-9; *id*. at Ex. 3, at 93; Doc. 7, at 33-34). However, "an ineffective-assistance claim can serve as cause to excuse a procedural default only if that claim is not itself procedurally defaulted." *Wilson v. Allbaugh*, 737 F. App'x 413, 417 (10th Cir. 2018) (citing *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000)). To excuse his failure to exhaust his ineffective assistance of appellate counsel claim (Ground Three) before the OCCA by properly appealing the district court's denial of his Application, he cites "the extraordinary measures that the Petitioner took in attempting to correct a procedural default by the [Cleveland County] District Court Judge," referring to his petition for writ of mandamus seeking an order directing the state district court to rule on his Application, and stating that he "could

not find a procedure that addresses this issue." (Doc. 1, at 8; *see* Doc. 25, at Ex. 17). However, Petitioner's petition for writ of mandamus resulted in his eventually receiving a copy of the order denying his Application, (Doc. 25, at Ex. 20), and he was then granted leave to appeal the denial out-of-time by the district court. (*Id*. at Ex. 28). However, when Petitioner appealed to the OCCA, he failed to attach a copy of the order he was appealing, causing the OCCA to decline jurisdiction and dismiss the appeal. (*Id*. at Ex. 29). This was not a cause for procedural default that was external to Petitioner. Because Petitioner has not established cause for his procedural default of these claims in state court, the undersigned need not address whether he suffered actual prejudice. *See Simpson*, 912 F.3d at 571 ("[Petitioner] must establish both cause and prejudice to overcome the state procedural bar, and [the court] must reject his . . . claim if he fails to show either requirement.").

Petitioner neither invokes the fundamental miscarriage of justice exception nor presents any new evidence that he is actually innocent. *Cf. Rushing v. Havernek*, 2022 WL 17333067, at *2 (10th Cir. Nov. 30, 2022) ("[A]lthough [the petitioner] invokes the miscarriage-of-justice exception, he identifies nothing suggesting, as the exception requires, 'that he is actually innocent of the crime of conviction.'") (quoting *Pacheco v. El Habti*, 48 F.4th 1179, 1186 (10th Cir. 2022)). Petitioner thus fails to overcome the procedural bar of his claims. The court should therefore deny habeas corpus relief on these claims.

C.    **Petitioner's Remaining Claims Raised in Ground Two and His Claims In Grounds One, Four, Five, and Seven Are Unexhausted and Should Be Denied Pursuant to an Anticipatory Procedural Bar.**

Petitioner raises the following claims in his Petition, brief in support, and other supplemental briefing, none of which were included in his direct appeal or Application in state court:

- (Ground One) The admission of evidence of Child Sexual Abuse Accommodation Syndrome resulted in a violation of his Fourteenth Amendment rights. (Doc. 1, at 5-6).

- (Ground Two) The prosecutor improperly commented on the reasonable doubt standard and the overarching presumption of innocence. (*Id*. at 6-7).

- (Ground Four) Petitioner received ineffective assistance of trial counsel by Troy Cowin and Cynthia Viol, citing instances not included in his direct appeal or Application. (Doc. 1, at 9-10; Doc. 7, at 5, 35, 37-39).

- (Ground Five) Petitioner was subjected to judicial misconduct by the Cleveland County District Court, citing instances not included in his direct appeal or Application. (Doc. 7, at 10, 12, 22, 28, 31, and 35).

- (Ground Seven) As part of Petitioner's challenge to the state of Oklahoma's jurisdiction over this matter, he alleges that D.A. "was removed from her home and placed into Oklahoma Child Protective Services custody by the Cleveland County Sheriff's Department having no probable cause or warrant to do so." (Doc. 1, at 17).

1.    **Habeas Petitioners Must First Exhaust Available State Remedies.**

"[A] state prisoner must exhaust available state remedies before presenting his claim to a federal habeas court." *Davila v. Davis*, 582 U.S. 521, 527 (2017). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "Exhaustion requires that

the claim be 'fairly presented' to the state court, which 'means that the petitioner has raised the 'substance' of the federal claim in state court.'" *Fairchild v. Workman*, 579 F.3d 1134, 1151 (10th Cir. 2009) (quoting *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006)); *see also* 28 U.S.C. § 2254(b)(1)(A).  This means "a federal habeas petitioner [must] provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *see also Williams v. Trammell*, 782 F.3d 1184, 1210 (10th Cir. 2015) (stating that fair presentation "requires that the petitioner raise in state court the substance of his federal claims . . . includ[ing] not only the constitutional guarantee at issue, but also the underlying facts that entitle a petitioner to relief") (internal quotation marks and citation omitted).  "[T]he crucial inquiry is whether the 'substance' of the petitioner's claim has been presented to the state courts in a manner sufficient to put the courts on notice of the federal constitutional claim." *Prendergast v. Clements*, 699 F.3d 1182, 1184 (10th Cir. 2012).  "A petitioner need not invoke 'talismanic language' or cite 'book and verse on the federal constitution.'" *Id*. (quoting *Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989)).  But a "'[f]air presentation' requires more than presenting 'all the facts necessary to support the federal claim' to the state court." *Bland*, 459 F.3d at 1011 (quoting *Anderson*, 459 U.S. at 6).

A review of the record shows that Plaintiff did not raise the claims listed above in at any time in state court, and therefore they are unexhausted in this court.

**2.    Claims That Are Unexhausted and That Would Be Barred When Presented to the OCCA Are Subject To an Anticipatory Procedural Bar.**

If a claim is unexhausted, a federal court generally dismisses it without prejudice "so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 892 (10th Cir. 2018) (internal quotation marks omitted).  But, "dismissal without prejudice for failure to exhaust state remedies is not appropriate if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds." *Id*. (internal quotation marks omitted).  "[I]n appropriate circumstances the court can apply an 'anticipatory procedural bar' to functionally transform unexhausted claims into exhausted ones, thus obviating the need to dismiss a mixed petition." *Fontenot v. Crow*, 4 F.4th 982, 1019 (10th Cir. 2021), *cert. denied*, 142 S. Ct. 2777 (2022).

Petitioner's unexhausted claims are subject to an anticipatory procedural bar.  As discussed above, Petitioner previously filed a direct appeal and a post-conviction action (his Application) in the Oklahoma courts.  "Oklahoma requires a post-conviction relief applicant to raise all grounds for relief which he actually knows or should have known through the exercise of due diligence in his original application for relief." *Williams v. Trammell*, 782 F.3d 1184, 1212 (10th Cir. 2015); *see also* Okla. Stat. tit. 22, § 1086.  "This rule is rooted solely in Oklahoma state law and is regularly and even-handedly applied by the state courts, making it both independent and adequate." *Fontenot*, 4 F.4th at 1024 (internal quotation marks and citations omitted).  Because the claims specified above are presented for the first time in this habeas action and could have been raised in the state courts, application of an anticipatory procedural bar is appropriate.  *See, e.g.*, *Cummings v.*

*Sirmons*, 506 F.3d 1211, at 1222-23 (10th Cir. 2007) ("readily" concluding that ineffective assistance of trial counsel claim, raised for the first time in habeas petition and thus unexhausted, was procedurally barred: "[a]lthough the claim is technically unexhausted, it is beyond dispute that, were Cummings to attempt to now present the claim to the Oklahoma state courts in a second application for post-conviction relief, it would be deemed procedurally barred") (citing Okla. Stat. tit. 22, §§ 1086, 1089(D)(2)).

### 3.    Petitioner Does Not Demonstrate Cause And Prejudice Or A Fundamental Miscarriage Of Justice Sufficient To Overcome The Procedural Bar Of His Claims.

As set forth above, a petitioner can overcome procedural default by establishing either cause for the default and actual prejudice from the alleged violation of federal law, or that the failure to consider the claims will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. Petitioner has not alleged — much less shown — cause for his failure to present these unexhausted claims to the state court. Because he has not shown cause, the court need not address whether he suffered actual prejudice. *Simpson*, 912 F.3d at 571. Likewise, Petitioner neither asserts a fundamental miscarriage of justice argument nor meets the standard because he does not present any new evidence of his innocence. The court should therefore deny habeas corpus relief on Petitioner's claims raised in Grounds One, Two, Four, Five, and Seven.

### D.    Petitioner is Not Entitled to Relief on His Ground Eight of Actual Innocence.

In his final ground for relief, Petitioner claims he is innocent of his crimes. (Doc. 1, at 18). The Supreme Court has never recognized a stand-alone claim of actual

innocence. "[A]n assertion of actual innocence, although operating as a potential pathway for reaching otherwise defaulted constitutional claims, does not, standing alone, support the granting of the writ of habeas corpus." *LaFevers v. Gibson*, 238 F.3d 1263, 1265 n. 4 (10th Cir. 2001) (*citing Herrera v. Collins*, 506 U.S. 390, 400-01 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.")).  Further, "[f]ew rulings would be more disruptive of our federal system than to provide for federal habeas review of freestanding claims of actual innocence." *Sellers v. Ward*, 135 F.3d 1333, 1338-39 (10th Cir. 1998) (discussing *Herrera*).  Accordingly, the Court finds that Petitioner's stand-alone claim of actual innocence is not cognizable in these habeas proceedings, and should be denied for that reason. *See Draper v. Martin*, No. CIV-18-1195-R, 2019 WL 8058101, at *4 (W.D. Okla. Oct. 16, 2019), *report and recommendation adopted*, 2020 WL 891212 (W.D. Okla. Feb. 24, 2020).

## VI.    Recommended Ruling and Notice of Right to Object.

For the reasons discussed above, the undersigned recommends that the Petition for habeas relief (Doc. 1) be **DENIED** on all grounds.

**The court advises the parties of their right to object to this Report and Recommendation by October 7, 2024,** under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  The court further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 16th day of September, 2024.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE