IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHNNY WILLIAM BURNETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-993-D |
| | ) | |
| RANDY HARDING, Warden[1] | ) | |
| | ) | |
| Respondent. | ) | |

# **ORDER**

Petitioner, Johnny William Burnett, petitioned this Court for a Writ of Habeas Corpus under 28 U.S.C. § 2254 [Doc. No. 1]. Petitioner is a state prisoner, appearing *pro se*. Respondent filed a response [Doc. No. 25]. The matter was referred to United States Magistrate Judge Amanda Maxfield Green for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C).

On September 16, 2024, the magistrate judge issued a Report and Recommendation [Doc. No. 41], in which she recommended that the petition for habeas relief be denied on all grounds. Petitioner filed a timely objection [Doc. No. 42]. Thus, the Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). Because Petitioner is *pro se*, the Court will

---

[1] Randy Harding is the warden of the Dick Conner Correctional Center, where Petitioner is currently incarcerated. Randy Harding is substituted as the properly named respondent under 28 U.S.C. § 2242 and Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

1

liberally construe his filings. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quoting *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187-88 (10th Cir. 2003)) ("Although we liberally construe *pro se* filings, we do not 'assume the role of advocate.'").

I.   **Conviction and Application for Post-Conviction Relief**

Petitioner challenges his conviction in the District Court of Cleveland County, Oklahoma, Case No. CF-2015-460. After a jury trial, Petitioner was convicted of two counts of lewd molestation or indecent acts to a child under 16 and two counts of forcible oral sodomy.[2] Petitioner appealed his conviction, which was affirmed by the Oklahoma Court of Criminal Appeals (OCCA) on July 19, 2018.[3]

On June 12, 2019, Petitioner filed an Application for Post-Conviction Relief in the Cleveland County District Court [Doc. No. 25-5]. Petitioner's application was denied on November 10, 2021 [Doc. No. 25-10]. On June 22, 2022, Petitioner petitioned the OCCA for a writ of mandamus directing the state district court to rule on Petitioner's application [Doc. No. 25-17]. The state district court responded and attached its order dated November 10, 2021, denying Petitioner's application [Doc. No. 25-20].

On July 12, 2022, Petitioner filed a motion for appeal out-of-time with the state district court [Doc. No. 25-21], alleging he did not receive a copy of the court's November

---

[2]   Cleveland County District Court, Case No. CF-2015-460; https://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&number=CF-2015-460 (Docket Sheet) (last visited Oct. 30, 2024). The Court takes judicial notice of Petitioner's state-court proceedings and docket sheet. *See Hutchinson v. Hahn*, 402 F. App'x 391, 394-95 (10th Cir. 2010) (unpublished) ("[A] court may take judicial notice of its own records as well [as] those of other courts, particularly in closely-related cases.").
[3]   Oklahoma Court of Criminal Appeals, Case No. F-2017-348; https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=F-2017-348&cmid=121271 (Docket Sheet) (last visited Oct. 30, 2024).

10, 2021 order denying his application until July 1, 2022. Before the state district court ruled on that motion, Petitioner filed with the OCCA a motion for appeal out-of-time [Doc. No. 25-26]; and a petition-in-error, challenging the state district court's denial of his application [Doc. No. 25-27].[4]

On August 25, 2022, the state district court granted Petitioner's motion for appeal out-of-time [Doc. No. 25-28]. However, the OCCA found that "Petitioner's pleading requesting an appeal out-of-time does not contain a copy of a trial court order or records sufficient to prove he sought relief in the District Court," and the OCCA declined jurisdiction and dismissed his petition-in-error on October 14, 2022 [Doc. No. 25-29]. Petitioner filed a notice of appeal of the OCCA's decision [Doc. No. 25-30], but he did not further pursue his appeal.

## II. Habeas Petition

Petitioner's habeas petition raises eight grounds for relief: the admission of evidence pertaining to child sexual abuse accommodation syndrome violated Petitioner's rights under the Fourteenth Amendment (Ground One); victim-impact evidence "caused the jury to impose excessive sentencing" (Ground Two); ineffective assistance of appellate counsel (Ground Three); ineffective assistance of trial counsel (Ground Four); judicial misconduct through the suppression of evidence and witness testimony (Ground Five); prosecutorial

---

[4] Oklahoma Court of Criminal Appeals, Case No. PC-2022-681; https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=PC-2022-681&cmid=133439 (Docket Sheet) (last visited Oct. 30, 2024).

misconduct (Ground Six); lack of jurisdiction "because all of Oklahoma is Indian Country" (Ground Seven); and actual and factual innocence (Ground Eight).

In her Report, the magistrate judge recommended that Petitioner's habeas petition be denied on all grounds.

### A.   Ground Two

For Ground Two, Petitioner argued that it was improper for the prosecutor, during closing arguments, to reference the life-long impact Petitioner's alleged conduct would have on the victim. In her Report, the magistrate judge found that the OCCA reasonably determined that the prosecutor's remarks did not result in an unfair trial. Specifically, the magistrate judge found that "the prosecutor's statements were brief and clearly referenced and were fully supported by the evidence admitted during Petitioner's trial indicating that D.A. was suffering from long-term, adverse effects of Petitioner's crimes, including that she engaged in self-harm, sexually acted out on other children, was fearful of disclosing what happened to her, and required extensive counseling to be able to work through her feelings about the abuse she endured." [Doc. No. 41, at 13]. Under these circumstances, the magistrate judge recommended that the Court deny habeas relief for Ground Two for Petitioner's failure to demonstrate that the OCCA's determination was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court.

In his objection, Petitioner fails to make a specific objection with respect to the prosecutor's victim-impact statements at closing arguments or the magistrate judge's finding that the OCCA's decision as to prosecutorial misconduct was reasonable.

Petitioner's failure to make a specific objection as to Ground Two waives further review. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").

      **B.**      **Procedural Default and Anticipatory Procedural Bar (Grounds One, Two[5], Three, Four, Five, Six, and Seven)**

For certain arguments raised in Grounds One, Three, Four, Five, Six, and Seven, the magistrate judge recommended that the Court decline to consider the same under the doctrine of procedural default. Under this doctrine, "a federal court may not review federal claims that were procedurally defaulted in state court – that is, claims that the state court denied based on an adequate and independent state procedural rule." *Fontenot v. Crow*, 4 F.4th 982, 1028 (10th Cir. 2021) (quoting *Davila v. Davis*, 582 U.S. 521, 527 (2017)).

The OCCA barred the claims in Petitioner's application for post-conviction relief based on his failure to comply with Rule 2.1(E)(1) of the Rules of the Oklahoma Court of Criminal Appeals. Specifically, Petitioner did not attach to his petition-in-error or motion for appeal out-of-time a copy of the trial court order "or records sufficient to prove he sought relief in the district court." [Doc. No. 25-29]. In his objection, Petitioner does not contest either the independence or the adequacy of Rule 2.1(E)(1) and its requirement that all petitions must include "a copy of the post-conviction application for the out-of-time

---

[5] Although the magistrate judge analyzed most arguments raised in Ground Two on the merits, Petitioner's argument that the prosecutor improperly commented on the reasonable doubt standard and the presumption of innocence is subject to an anticipatory procedural bar.

appeal that was filed in the trial court and a certified copy of the trial court's ruling upon that application." Rule 2.1(E)(1) of the Rules of the Oklahoma Court of Criminal Appeals. Rather, Petitioner argues, without factual support, that he did attach a certified copy of the trial court's ruling to his petition-in-error.[6]

For the remaining arguments in Grounds One, Two, Four, Five, and Seven, Petitioner raises various claims that were not included in his direct appeal or application for post-conviction relief. In her Report, the magistrate judge concluded that these unexhausted claims are subject to an anticipatory procedural bar pursuant to Okla. Stat. tit. 22, § 1086, which bars an applicant from including new grounds for relief in a subsequent application for post-conviction relief. Okla. Stat. tit. 22, § 1086; *see also Moore v. Schoeman*, 288 F.3d 1231, 1233 n.3 (10th Cir. 2002) ("'Anticipatory procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it."); *see also Fonenot*, 4 F.4th at 1024 (applying an anticipatory procedural bar to a claim brought for the first time in a habeas action because "the OCCA would apply § 1086 and decline to entertain that claim on the merits if brought in any subsequent application.").

There are two exceptions to procedural default and anticipatory procedural bar.

---

[6] As stated above, the Court takes judicial notice of Petitioner's state-court proceedings and docket sheets, which reflect that neither Petitioner's motion for appeal out-of-time nor his petition-in-error included a copy of the trial court's order. Oklahoma Court of Criminal Appeals, Case No. PC-2022-681; https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=PC-2022-681&cmid=133439 (Docket Sheet) (last visited Oct. 30, 2024).

These exceptions apply when "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Cause for the default "must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Id.* at 753. The fundamental miscarriage of justice exception is "a markedly narrow one, implicated only in 'extraordinary case[s] where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (quoting *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999)).

In his objection, Petitioner has presented no persuasive argument or authority that would cause this Court to reject the magistrate judge's conclusions that: certain arguments raised in Grounds One, Three, Four, Five, Six, and Seven were procedurally defaulted based on the OCCA's independent and adequate application of Rule 2.1(E)(1); and Petitioner's remaining arguments raised in Grounds One, Two, Four, Five, and Seven are subject to an anticipatory procedural bar. Further, the Court agrees with the magistrate judge that Petitioner has failed to show cause sufficient to overcome these procedural bars, and Petitioner has not cited any new evidence in support of his vague reference to a "miscarriage of justice." *See House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)) ("[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'").

7

For these reasons, the Court adopts the magistrate judge's conclusions as set forth in the Report.

### C. Actual Innocence (Ground Eight)

As stated in the magistrate judge's Report, the Supreme Court has never recognized a stand-alone claim of actual innocence. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."). In his objection, Petitioner does not address whether his stand-alone claim of actual innocence is cognizable, but merely continues to assert – without new evidence – that he is innocent of the charged offenses. Petitioner's objection is insufficient to show that he is entitled to habeas relief.

## III. Conclusion

The Court has reviewed the entirety of the Report and Recommendation, as well as the case record, and fully concurs in the Report and Recommendation.[7] Therefore, the Court, having conducted a *de novo* review, finds that Petitioner's objection should be overruled, and hereby **ADOPTS** the Report and Recommendation [Doc. No. 41] in its entirety.

---

[7] In his objection, Petitioner also objects to the magistrate judge's previous Order [Doc. No. 39], denying six motions filed by Petitioner, by which he sought additional time and pages to supplement his reply. Upon review of Petitioner's motions [Doc. Nos. 30 – 35] and the magistrate judge's Order [Doc. No. 39], the Court agrees with the magistrate judge's finding that allowing Petitioner to supplement his habeas petition would have been futile.

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] is **DENIED**. A separate judgment shall be entered.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is **DENIED**.

**IT IS SO ORDERED** this 7th day of November, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge